IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RUFUS J. DICKERSON, JR.,

            Plaintiff

VS.

BRUCE CHATMAN, *et al.*,

            Defendants

NO.  5: 06-CV-17 (WDO)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

*Pro se* plaintiff RUFUS DICKERSON has filed a motion which seeks to compel the defendants to provide him a copy of his deposition transcript (Tab #18).  The defendants have responded to that motion (Tab #19), and the plaintiff has replied to the defendants' response (Tab #20).  Also before the court are the plaintiff's motion to compel discovery (Tab #22) and objection to discovery (Tab #23).

There has been substantial miscommunication with respect to the rights and duties of the parties and the agreements between the parties with respect to the plaintiff's deposition.  These disagreements seem to have begun when the plaintiff was not allowed to bring outside references into deposition and continued through the plaintiff's ability to modify his testimony upon consulting with other sources.     Fed. R. Civ. P. 30(e) provides:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

It appears to this court that the deponent asked to be afforded the opportunity to request changes before the completion of the deposition.  He must therefore be afforded the opportunity to review the transcript and make errata changes thereto.

The plaintiff's motion to compel discovery and objection to discovery are perplexing; it is difficult to ascertain exactly what plaintiff seeks. In addition to apparently seeking a list of all visitors he had over a two month period in 2003, plaintiff Dickerson also seems to request copies of his legal/privileged mail. It is not clear why the defendants would have any copies of the plaintiff's privileged mail.

Accordingly, plaintiff's Motion to Compel defendants to provide him a copy of his deposition (#18) is GRANTED. However, plaintiff's Motion to Compel discovery (Tab #22) and Objection to discovery (Tab #23) are DENIED. Iff plaintiff still wishes to obtain the information sought in his motion for discovery, he is DIRECTED to file a new motion stating exactly what documents and information he seeks and why such information should be provided to him.

SO ORDERED and DIRECTED this 1st day of AUGUST, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE