IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RUFUS J. DICKERSON, JR., <br><br> Plaintiff <br><br> VS. <br><br> BRUCE CHATMAN, *et al.*, <br><br> Defendants | NO. 5: 06-CV-17 (WDO) <br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

## O R D E R

*Pro se* plaintiff RUFUS DICKERSON has filed a motion seeking to compel discovery. Tab #27. The defendants have responded to that motion (Tab #28), and the plaintiff has replied to the defendants' response. Tab #35. Included along with the defendants' response are a number of exhibits demonstrating the extent of their answers to the plaintiff's interrogatories and requests for production. Tabs # 28, #32, #33, & #34.

At issue between the parties are two specific requests made by the plaintiff, the first of which is a request for a log detailing the plaintiff's receipt (and/or refusal) of privileged mail. The defendants claim that, to their knowledge, such a log does not exist and that even if such a log were in existence, its contents would be irrelevant. Defendants' argument as to the relevance of such a log is not persuasive considering that one of the plaintiff's remaining claims is that his legal mail was confiscated and read by defendant PERRY. As to the contention that no such log exists, plaintiff Dickerson avers that "[a]ll privileged and legal mail requires the inmate's signature on the date he receives it." To the extent that the defendants can find the information requested (be it in a logbook or another form), they are hereby ORDERED to provide such information to the plaintiff. If the defendants cannot access that information (from whatever source), they obviously cannot be required to produce it.

Plaintiff also requests a list of those who visited him in prison. He avers that such a list is relevant to his contention that an official with the Georgia Department of Corrections agreed to release the plaintiff's legal documents back to him if he agreed to drop all of his grievances. The defendants do not contest the existence of such a list. Since plaintiff's complaint deals with retaliation on the part of prison officials for his filing of grievances, any information regarding an action on behalf of a prison official dealing with the disposal of such grievances is reasonably calculated to lead to discoverable information. The defendants are therefore hereby ORDERED to provide the plaintiff with the names (and positions within the Department of Corrections where applicable) of all visitors the plaintiff received in October and November of 2003, as well as the dates of such visits.

Accordingly, plaintiff Dickerson's **MOTION TO COMPEL** (Tab #27) is GRANTED to the extent hereinabove set forth.

SO ORDERED AND DIRECTED, this 18th day of AUGUST, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE