IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RUFUS J. DICKERSON, JR.,

        Plaintiff

VS.

BRUCE CHATMAN, *et al.*,

        Defendants

NO. 5:06-CV-17 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

### APPOINTMENT OF COUNSEL

Plaintiff herein has requested this court to provide legal representation for him in the above-captioned proceeding (Tab #47). Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by *exceptional* circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on its own motion</u> will consider assisting plaintiff in securing legal counsel <u>if and when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's motion for appointment of legal counsel (Tab #47) is **DENIED** at this time.

## MOTION FOR SUMMARY JUDGMENT

The defendants have filed a motion seeking summary judgment against plaintiff in the above-styled case, attached to which are numerous exhibits. Tabs #48 and #52. Also in the record are a Statement of Undisputed Material Facts (Tab #50) and a brief in support of the motion (Tab #51). Since the plaintiff is proceeding *pro se*, the court deems it appropriate and necessary to advise him of his right to respond to said motion and of the consequences which he may suffer if he fails to file a response thereto.

In order to insure that this *pro se* plaintiff receives adequate notice (1) that a motion for summary judgment has been filed against him in this case, (2) that he has the right to oppose the granting of said motion, and (3) that failure to oppose said motion may result in a final judgment being rendered against him, he is NOTIFIED as follows:

Rule 56(c) of the ***Federal Rules of Civil Procedure*** dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this court, motions for summary judgment are normally decided on briefs. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties in deciding whether a summary judgment is appropriate under Rule 56; the parties may submit their argument to the court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party against whom a summary judgment is sought must be given ten days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a <u>FINAL</u> judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, **the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u>** to present an issue of fact but <u>must</u> make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. See ***Van T. Junkins & Assoc. v. U.S. Industries, Inc***., 736 F.2d 656, 658 (11th Cir.1984). Upon the recommendation of the magistrate judge, the court could then grant judgment to the defendant seeking summary judgment; <u>there</u> <u>would</u> <u>be</u> <u>no</u> <u>trial</u> <u>or</u> <u>any</u> <u>further</u> <u>proceedings</u>!

Accordingly, plaintiff is ORDERED AND DIRECTED to file a response to the defendants' Motion for Summary Judgment (Tab #48) in accordance with Rule 56 of the *Federal Rules of Civil Procedure* **WITHIN THIRTY (30) DAYS** of <u>RECEIPT</u> of this Order. After the filing of plaintiff's response or after the passage of forty-five (45) days from the <u>DATE</u> of this Order, whichever comes first, the court will consider defendants' Motion for Summary Judgment and any opposition to same filed by the plaintiff.

### MOTION FOR AFFIDAVIT

Plaintiff Dickerson has filed a "MOTION FOR THE AFFIDAVIT OF JAMES BROWN" (Tab #46). This motion is DENIED. If and when a trial is scheduled herein, plaintiff may request the court to issue a subpœna compelling the attendance of James Brown at said trial.

SO ORDERED AND DIRECTED, this 8th day of DECEMBER, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE