IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RUFUS J. DICKERSON, JR,

     Plaintiff

VS.

BRUCE CHATMAN, *et al.*,

     Defendants

NO. 5:06-CV-17 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Plaintiff RUFUS J. DICKERSON, JR. is an inmate in the custody of the state of Georgia. He has sued defendants BRUCE CHATMAN and JOHN PERRY alleging that these defendants violated his constitutional rights during his incarceration at Hancock State Prison. Plaintiff raised numerous claims in his complaint but these claims have since been limited by the court to a claim involving improperly confiscated mail and a claim of retaliation.[1]

Specifically, plaintiff DICKERSON contends that defendant PERRY improperly confiscated and read a letter from the Georgia Peace Officers Standards and Training Council which was addressed to the plaintiff and that defendant CHATMAN, in retaliation for plaintiff's filing grievances about this and other mail incidents, had plaintiff transferred to a disciplinary prison. Before the court is the defendants' MOTION FOR SUMMARY JUDGMENT. Tab #61. This motion is supported by a brief, a statement of undisputed material facts, and numerous exhibits. Despite several opportunities afforded to him by the court, plaintiff DICKERSON has failed to directly respond to the defendants' motion.[2]

---

[1] Various other claims and defendants were dismissed from the present suit on March 9, 2006. Tab #11.

[2] For a more detailed outline of the events which occurred between the defendants' filing for summary judgment and this order see Tab # 81.

## LEGAL STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Wel2ch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## DISCUSSION

Plaintiff Dickerson's current incarceration began in March of 1998 after he was convicted for rape. (Deposition of Rufus J. Dickerson, Jr., June 20, 2006, p. 8). He was initially incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. (Dickerson Depo., p. 8); he was subsequently transferred to Hancock State Prison ("HSP") in June of 2002. (Dickerson Depo., p. 7). On January 13, 2004, plaintiff was transferred to Hayes State Prison ("Hayes SP"). (Dickerson Depo., pp. 6-7). All of the facts surrounding plaintiff's complaint occurred during his incarceration at HSP. (Dickerson Depo., p. 7).

Plaintiff's first alleges that defendant JOHN PERRY improperly confiscated and read an article of plaintiff's legal mail. Defendant PERRY was the Deputy Warden of Security at HSP during the time period in question. (Response of Defendant Perry to Plaintiff's First Set of Interrogatories and Request for Production of Documents, No. 2). According to plaintiff, Ms. Hood, a mail clerk at HSP, received certain mail addressed to plaintiff. Upon her receipt of the mail, and in the presence of the plaintiff, Ms. Hood questioned whether or not plaintiff was permitted to receive the mail.[3] In response to Ms. Hood's inquiry, defendant PERRY took the mail for review.[4] (Dickerson Depo., p. 11). Plaintiff was called back to the mail room the following day to sign for and receive the mail. Plaintiff refused to sign for the mail. (Dickerson Depo., p. 19). The article of mail at issue was a response to an open records request sent by plaintiff to the Georgia Peace Officers Standards and Training Council ("GPOST"). (Dickerson Depo., pp. 12-13). Plaintiff contends that the letter from GPOST was privileged and legal mail and thus should not have been confiscated and reviewed by PERRY.[4] (Dickerson Depo., p. 21).

---

[3] Georgia Department of Corrections Standard Operating Procedure IIB04-0001(VI)(B) requires that all incoming and outgoing mail have the complete name and address of sender on the envelope. Subsection VI(E) governs incoming privileged mail and states that incoming correspondence shall be treated as privileged only if the name and official status of the sender appear commercially printed on the envelope. Significantly, the envelope received by Plaintiff did not indicate either legal or privileged status on it.

[4] Standard Operating Procedure IIB04-0001(VI)(E) also provides that incoming correspondence may be held until the end of the second working day after receipt, to allow verification of the privileged status of the sender.

Plaintiff DICKERSON'S legal mail tampering claim implicates both his right of access to the courts and his right to free speech. In order for his claim to rise to the level of a constitutional violation of his right to access to the courts, he must establish that his position as a litigant was prejudiced by the mail tampering. *See Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Because plaintiff has only asserted that his legal mail was opened and read outside of his presence and without his consent, he has failed to state a cognizable constitutional claim for denial of his right to access to the courts. See *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir.1993). Plaintiff DICKERSON has also failed to state a cognizable free speech claim. In light of the fact that a prison has a legitimate security interest in opening and inspecting incoming mail for contraband, plaintiff's allegation that his *incoming* mail was opened and read but not censored does not rise to the level of a constitutional violation. *See Thornburgh v. Abbott*, 490 U.S. 401, 413-414, 109 S.Ct. 1874, 1881-82, 104 L.Ed.2d 459 (1989); see also *Turner v. Safley*, 482 U.S. 78, 91-92, 107 S.Ct. 2254, 2262-63, 96 L.Ed.2d 64 (1987), Thus, plaintiff's claims with respect to his incoming legal mail are without merit.

Plaintiff Dickerson next complains that he was transferred to Hayes State Prison in retaliation for filing grievances about the aforementioned and other mail incidents. In response, defendant CHATMAN contends that plaintiff's claim must fail because, *inter alia,* the plaintiff *himself* requested transfer.[5] In support of this contention, defendant CHATMAN has produced evidence of the plaintiff's transfer request. (Attachment #2, Tab #48). The transfer request submitted to the Georgia Department of Corrections indicates that plaintiff sought a transfer to north Georgia or Phillips State Prison. Hayes State Prison, the facility to which the plaintiff was transferred, is located in north Georgia.

While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, prison officials may not transfer, or otherwise punish, an inmate in retaliation for exercising his right to file grievances against prison officials. *Nichols v. Riley,* 141 Fed. Appx. 868, (11th Cir.2005) (internal citation omitted). Such retaliatory transfers violate an inmate's First Amendment rights and his right of access to the courts. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir.1989).

---

[5] Defendant Chatman also notes that plaintiff had no active grievances against him or defendant Perry at the time the transfer request was submitted or at the time plaintiff was actually transferred. This fact, according to defendant Chatman, demonstrates plaintiff's failure to make a *prima facie* showing of retaliation because at the time of the alleged retaliatory act the plaintiff was not engaged in a protected activity.

4

In this case, plaintiff's allegation that he was transferred in retaliation for filing grievances appears wholly unsupported. The defendants have pointed to evidence that appears to show that plaintiff himself sought a transfer. Plaintiff Dickerson has not disputed this contention nor has he put forth any additional information or argument tending to show an issue of disputed material fact as to this claim. Consequently, plaintiff's retaliatory transfer claim fails.

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION FOR SUMMARY JUDGMENT** be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 23rd day of JULY, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE